UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLATUNJI RAHEEM, <br><br> Plaintiff, <br><br> v. <br><br> ZURICH NORTH AMERICA INSURANCE, <br><br> Defendant. | No. 2:18-cv-2762-JAM-KJN PS <br><br> ORDER AND <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff Olatunji Raheem, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1

490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

As an initial matter, plaintiff's complaint fails to allege any facts concerning defendant Zurich North America Insurance. Instead, the complaint alleges, in conclusory fashion, that some judge made erroneous and fake rulings against plaintiff, and was also verbally and emotionally abusive to plaintiff.

Moreover, even if plaintiff had made such allegations against defendant Zurich North America Insurance, he fails to state a cognizable claim against that defendant. Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. § 241. However, a claim for violation of constitutional rights under 42 U.S.C. § 1983 against defendant fails, because defendant, a private insurance company, is not a state actor. See Franklin v. Fox, 312 F.3d 423,

444 (9th Cir. 2002). Similarly, a claim under 18 U.S.C. § 241, a criminal statute, is not viable, because plaintiff as a private citizen does not have standing to prosecute violations of federal criminal statutes.

Therefore, plaintiff's complaint plainly fails to state a claim upon which relief can be granted.

Ordinarily the court, having given a *pro se* plaintiff notice of the deficiencies of his complaint, would be inclined to provide an opportunity to amend. However, plaintiff's claims in this case are fatally deficient and cannot be cured by more artful pleading or additional factual allegations. Therefore, the court finds that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without leave to amend.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th

Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: November 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE